**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ERMIAS BETURE et al., | : | |
| | : | Civil Action No. 17-5757 (SRC) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SAMSUNG ELECTRONICS AMERICA, INC., | : | |
| | : | |
| Defendant. | : | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the motion to appoint interim co-lead class counsel and liaison counsel by Plaintiffs Michelle Barnett, Ermias Beture, Debra Crownover, Erica Dubose, Emmanuel Ejim, Ezra Getzler, Hugh Holness, Jerry Hung, Corrie Kasal, Derek Logiudice, Phillip Mitchell, Raymond Page, Elisha Polomski, James Samuelson, and Remigiusz Zuber (collectively, "Plaintiffs.")  For the reasons stated below, the motion will be granted.

Federal Rule of Civil Procedure 23(g)(1)(A) states the considerations pertinent to the appointment of lead counsel at the time a class is certified and applies equally to the appointment of interim lead counsel before certification:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class;

Also, Rule 23(g)(1)(B) states that the Court "may consider any other matter pertinent to

counsel's ability to fairly and adequately represent the interests of the class."

Plaintiffs contend that the proposed law firms meet the requirements stated in Rule 23(g)(1). Defendant Samsung Electronics America, Inc. ("Samsung") opposes the motion, contending that appointment of interim counsel is unnecessary in a case such as this one, in which there are no competing counsel. This is unpersuasive: were this Court to deny this motion, as Samsung advocates, the result would be competing counsel. This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion. All parties in this case will benefit, as the appointment of interim counsel may streamline the case and facilitate the case's progress.

In reply, Plaintiffs aptly point to Magistrate Judge Dickson's decision under similar circumstances:

> Defendant Volvo Cars of North America, LLC ("Volvo") does not argue that Plaintiffs have not satisfied the requirements under Rule 23(g)(l)(A). Instead, Volvo argues that the appointment of interim lead counsel is unnecessary at this point in litigation. Specifically, Volvo argues that since Plaintiffs and their counsel have already agreed on a structure to prosecute the case, there is no rivalry or uncertainty that necessitates the designation of interim lead counsel. Volvo also argues that the appointment of interim class counsel is inappropriate because the Plaintiffs have failed to establish that there is a possibility that another similar action will be filed in Federal Court and because certification in this case is "a highly improbable possibility."
>
> The Advisory Committee Notes state that "ordinarily [pre-class certification] work is handled by the lawyer who filed the action. In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate." FED. R. CIV. P. 23(G), Advisory Committee Notes. Notwithstanding, neither the Advisory Notes nor the Rule provide that "rivalry or uncertainty" is a requirement for appointment of interim class counsel; rather it is included as one of several circumstances that may require appointment of interim class counsel. *Id.* Accordingly, the fact that Plaintiffs' counsel have worked jointly to prosecute this matter on behalf of the Plaintiffs is not dispositive of

> whether to appoint interim class counsel. In fact, although Plaintiffs' multiple counsel have cooperated to date during this early pre-certification stage in order to minimize the amount of lawsuits filed before the Court, appointment of interim class counsel at this time will ensure continued cooperation amongst said counsel throughout the pre-certification process, which will serve to protect the interests of the putative class during that time.

Henderson v. Volvo Cars of North Am., LLC, No. 2:09-cv-4146, op. at 3-4 (D.N.J. Nov. 1, 2010) (internal citations omitted). Magistrate Judge Dickson's analysis applies with equal force here.

Plaintiffs' motion to appoint interim co-lead class counsel and liaison counsel is hereby granted.

        s/ Stanley R. Chesler
        Stanley R. Chesler, U.S.D.J.

Dated: March 27, 2018